# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

MIKE NEWMAN,

        Petitioner,

v.

THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, et al.,

        Respondents.

Civil Action No. 16-3396-BRM

**MEMRANDUM AND ORDER**

**THIS MATTER** is opened to the Court on the Petition for Writ of Habeas Corpus of Petitioner Mike Newman, for relief under 28 U.S.C. § 2254. The Court previously denied the Petition, (ECF No. 12), and the denial was affirmed by the Third Circuit, (ECF No. 16). Presently before the Court is Petitioner's motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) ("Motion"). (ECF No. 17.)

In the Motion, Petitioner attempts to assert a new ground for habeas relief under *Martinez v. Ryan*, 132 S. Ct. 1309 (2012). However, this Court has no jurisdiction to adjudicate the Motion. A motion for relief from judgment under Rule 60(b), which seeks to advance one or more substantive claims following denial of a habeas petition, is properly classified as a "second or successive habeas petition" under 28 U.S.C. §2244(b), which requires authorization from the Court of Appeals before filing. *Gonzalez v. Crosby*, 545 U.S. 524, 530-31 (2005); *Blystone v. Horn*, 664 F.3d 397, 413 (3d Cir. 2011). There is no record of Petitioner seeking authorization from the Third Circuit prior to the filing of the Motion, therefore, the Court has no jurisdiction over it.

Furthermore, under the habeas statutes, "[a] claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be

dismissed" if, in essence, such claim could have been presented in the prior petition but was not. 28 U.S.C. § 2244(b); *see Foster v. Chatman*, 136 S. Ct. 1737, 1759 (2016) (Alito, J., concurring in judgment). There is no reason apparent in the record, and Petitioner provides none, to explain why his *Martinez* claim could not have been raised in the initial Petition.[1] Therfore, even if the Court has jurisdiction over the Motion, federal law requires the Court to reject its claim for relief. Accordingly, and for good cause appearing,

**IT IS** on this 7th day of June 2018,

**ORDERED** that the Clerk shall **REOPEN** the case by making a new and separate docket entry reading "CIVIL CASE REOPENED"; it is further

**ORDERED** that the motion for reconsideration, ECF No. 17, is **DENIED**; and it is further

**ORDERED** that that the Clerk shall serve this Order upon Petitioner by regular mail, and shall **CLOSE** the file.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

---

[1] To be sure, the Court has reviewed the Motion, and it is unclear on what basis Petitioner asserts his *Martinez* claim. The Motion appears to be a hodge-podge of case law thrown together with no apparent logic or cohesion, and lacks any factual allegation to support his claim. Regardless, it contains no explanation for why whatever claim he is raising could not have been raised in the initial Petition.